# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

DEVIN ALLEN, JOHN KISTHARDT, AARON SIMMONS, ANNA SLOCUM, and CITY OF MERRIAM, KANSAS,

    Defendants.

Case No. 25-2111-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Stay Discovery, ("Motion") (ECF No. 22). Plaintiff timely filed his Opposition to Defendants' Motion (ECF No. 23), and Defendants' filed a timely Reply (ECF No. 24). On January 22, 2026, the Court heard oral argument on the Motion ("Hearing"). This matter is fully briefed. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Defendants' Motion **(ECF No. 22)**. This written order follows text order (ECF No. 28) resolving the motion.

## I.    Background[1]

This is a 42 U.S.C. § 1983 case. Plaintiff, Mr. Spiehs claims he had a constitutional right to attend a February 17, 2025 meeting at the Merriam Community Center hosted by

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

1

the ACLU of Kansas. Plaintiff claims he was denied entry to the meeting and told by Defendants the meeting space was at capacity. Then, law enforcement and Defendant Simmons requested Plaintiff leave the property. Mr. Spiehs was told he could protest in the designated area on the sidewalk on the side of the building. He carried with him signs reading "Liberals love big balls" and "Abortion is child murder clear as day." When Plaintiff refused, asserting it was a violation of his First Amendment rights, he was ultimately removed from the community center and charged with criminal trespass pursuant to Merriam Municipal Code, Section 21-5808 A.1.A.[2]

Two weeks later, on March 3, 2025, Plaintiff filed this case alleging Defendants' actions form the bases of multiple civil wrongs, specifically: (1) a Fourteenth Amendment Due Process violation; (2) Wrongful Detention, asserting lack of probable cause to detain him for trespass; (3) Retaliation, Retaliatory Arrest, and Retaliatory Detention For Exercise of Protected Speech; (4) Unlawful Arrest, claiming a lack of probable cause for the criminal trespass arrest; (5) Excessive Force, by the use of handcuffs during the criminal trespass arrest; (6) Malicious Prosecution and Abuse of Process, claiming bad faith in the commencement of a criminal trespass prosecution; (7) Negligent Failure to Train and Supervise the Arresting Defendants; and (8) Equal Protection and Disparate Treatment.[3] It is also of note this is Plaintiff's tenth First Amendment case filed in this District all with

---

[2] *City of Merriam v. Justin Paul Spiehs*, Case No. CR-2025-0057725.
[3] ECF No. 1 at 15-26.

similar facts regarding his removal from school board, board of county commissioners, and public libraries.[4]

A formal schedule in the case was entered in July 2025.[5] The relevant deadlines are as follows:

| Event | Date |
|---|---|
| Discovery Deadline | **February 14, 2026** |
| Pretrial Conference | **March 17, 2026** |
| Rule 56 Dispositive Motion Deadline | **May 7, 2026** |
| Jury Trial | **January 5, 2027** |

Plaintiff, as the defendant in the criminal trespass case, was set for trial in Municipal Court on November 6, 2025. However, on the eve of trial, he filed a Motion to Dismiss those criminal proceedings.[6] The motion practice in Municipal Court is what precipitated Defendants' filing of the instant Motion, requesting an order staying discovery and other pretrial proceedings until Plaintiff's underlying criminal trespass case is resolved.

On January 22, 2026, the Court convened the parties for oral argument. During the Hearing, the Court considered the positions of the parties regarding proceeding towards the

---

[4] *See Spiehs v. Larsen et al*, Case No. 23-4107-JAR; *Spiehs v. Lewis et al*, Case No. 23-4121-TC-GEB; *Spiehs v. Jones et al*, Case No. 25-4089-JAR-GEB; *Spiehs v. Topeka & Shawnee County Public Library et al*; Case No. 25-4117-TC-BGS; *Spiehs v. Shawnee County, Kansas, Board of Commissioners et al*, Case No. 26-4020-KHV-BGS.
[5] ECF No. 12.
[6] ECF No. 24 at 4.

close of discovery prior to the imposition of a stay and where a stay may prejudice Plaintiff. After consideration of all briefing and oral argument, the Court now stays the matter in part as discussed below.

## II. Analysis

In support of their motion, Defendants cite *Younger v. Harris*, 401 U.S. 37, 46 (1971) and *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994) arguing if this federal case is permitted to proceed ahead of resolution of the municipal proceedings, and should Plaintiff be convicted, or even acquitted, of the criminal trespass charge, the merits of the constitutional claims in this case will be directly impacted. Defendants further assert the case law supports judicial discretion is appropriate in order to avoid risks of inconsistent rulings between the cases. Plaintiff, on the other hand, opposes a stay arguing Defendants' case law is misplaced, and a stay would cause prejudice to Plaintiff where the case will rely heavily on the factual record, and the evidence to be discovered risks evaporation if witness memories fade.

The Court fully understands Defendants request a stay of the proceedings, not as a formal abstention under the doctrines cited, but in the Court's discretion until the ongoing municipal case has run its' course. This discretionary stay is applied in Fourth Amendment §1983 cases in this District to conserve resources in favor of comprehensive disposition of the action and avoid challenges to ongoing state proceedings.[7] Universally, the Court

---

[7] *See Weaver v. Heryford*, No. 96-1136-WEB, 1996 WL 633669, at *2–3 (D. Kan. Aug. 22, 1996); *Villela v. Weishaar*, No. 16-3047-SAC, 2019 WL 858756, at *5 (D. Kan. Feb. 22, 2019) (staying Plaintiff's remaining claim for damages for unlawful search and seizure where "Plaintiff's unlawful search and seizure claim may be stayed pending the resolution of the pending criminal charges").

4

considers five factors when considering a stay of proceedings. "Those factors are: (1) the interests of the plaintiff to proceed expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendant; (3) the convenience of the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."[8] Neither, party discusses these factors in their briefing or during the Hearing.

Instead, Defendants cite two Supreme Court abstention doctrines in support of their stay request. First, *Younger v. Harris*, 401 U.S. 37, 46 (1971), supporting abstention in order to preserve the state interests in resolution of criminal proceedings. Second, *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994), holding abstention is proper when, depending on the nature of the § 1983 claims asserted and the elements of the criminal offense, federal courts risk interfering with the state prosecution through inconsistent rulings. The Court believes these doctrines provide appropriate considerations for addressing the question of staying the proceedings in this matter.

Plaintiff's response in opposition argues Defendants' waived raising any defense for abstention under *Younger* when they consented to federal jurisdiction by their participation in the scheduling of the case, and any attempt to stay the matter now, at the close of discovery, represents a bad faith exception to the *Younger* abstention doctrine.[9]

---

[8] *F.D.I.C. v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987); *See also Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3–4 (D. Kan. Oct. 21, 2021) (applying five factors to determine whether stay of proceedings is appropriate); *Spears, et al. v. Mid-America Waffles, Inc.*, et al., No. 11-02273-CM, 2012 WL 12837278, at *2–4 (D. Kan. Mar. 8, 2012) (applying five factors to determine whether a stay of proceedings is appropriate).

[9] *See Jensen v. Utah* Cnty., No. 24-00887-JNP-CMR, 2025 WL 2208257, at *11 (D. Utah Aug. 4, 2025).

Plaintiff's oral argument during the Hearing further opposed application of the cited doctrines and a stay under *Heck*, considering it only applicable once the criminal matter is final and the potential for an inconsistent ruling arises. Further, Plaintiff argued the bulk of his claims are only redressable in federal court.

The undersigned disagrees with Plaintiff's position regarding the stay. While the Court is sympathetic to Plaintiff's concerns regarding prejudice with the increased risk of evidence degradation and his argument not all of his federal claims are implicated by the underlying municipal action, the majority of Plaintiff's federal claims, including all Fourth Amendment claims and the malicious prosecution claim, do bring a federal challenge to the underlying municipal action.[10] Thus, the Court is persuaded by the doctrines outlined in *Younger* and *Heck* to stay all dispositive rulings in the matter until the underlying municipal criminal case is resolved.

*Younger* stands for the general rule of abstention in federal actions that risk enjoining state criminal prosecutions, based on "the fundamental policy against federal interference with state criminal prosecutions."[11] The case holds abstention is both appropriate and mandated when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests.[12] The doctrine is based "on notions of comity and federalism, which require

---

[10] ECF No. 1 at 16-22.
[11] *Younger v. Harris*, 401 U.S. 37, 46 (1971).
[12] *Younger*, 401 U.S. at 46; *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

that federal courts respect state functions and the independent operation of state legal systems."[13] When the factors in *Younger* are met, the Court is obligated to consider abstention absent extraordinary circumstances, like the presence of bad faith.[14] There are three factors that courts consider in determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[15]

Here, the municipal criminal trespass proceeding is ongoing and squarely within the state's interest in resolution of its' criminal proceedings. And the ongoing municipal proceeding does "afford an adequate opportunity" to raise some of Plaintiff's constitutional claims, including the Fourth Amendment wrongful arrest and detention claims.[16] Where there is no evidence presented here that the Merriam Municipal code for criminal trespass, Plaintiff is currently being prosecuted under, is unconstitutional, and the single-charge prosecution was brought before this federal action even commenced, the Court does not find the bad faith exception Plaintiff argues for applicable. *Younger* is persuasive in

---

[13] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).
[14] See 401 U.S. at 54; *Phelps v. Hamilton*, 59 F.3d 1058, 1066–68 (10th Cir. 1995).
[15] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).
[16] *Kingston v. Utah Cnty.*, 161 F.3d 17 (10th Cir. 1998) (holding the state court does provide an adequate forum for review of Plaintiff's Fourth Amendment search and seizure challenge); *Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996).

7

considering a stay where the municipal action, forming the basis for the majority of Plaintiff's claims, will now remain ongoing after the close of discovery in this matter.

Reviewing the progeny of *Younger* in the Tenth Circuit, the caselaw supports a stay of Plaintiff's Fourth Amendment and malicious prosecution claims, rather than dismissal of the action in its' entirety for lack of jurisdiction, where addressing the federal claims, at this time, risks disrupting the municipal proceeding.[17] The Court declines to step on the important state interests in the municipal criminal trespass proceedings and stays the case, in its' discretion, until the municipal proceeding is final per *Younger*. The Court next considers a discretional stay under the doctrine outlined in *Heck*.

*Heck* expressly mandates the Court to consider whether a § 1983 judgment in favor of the Plaintiff here would necessarily imply the invalidity of a state conviction or sentence, and allows for a stay of the matter if such an overlap is found.[18] The case directly applies the stay to actions, such as the matter here, for malicious prosecution and other attacks on a state conviction or arrest, holding that § 1983 damages actions, which necessarily require a plaintiff to prove the unlawfulness of his conviction or confinement, shall halt pending

---

[17] *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the Younger abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). *See also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for Younger abstention can be satisfied ... by just staying proceedings on the federal damages claim until the state proceeding is final."); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (unpublished) ("Where the plaintiff in the federal suit seeks damage relief and the Younger factors are met, the district court should stay federal proceedings on the damage claims, not dismiss the action altogether.").
[18] *See* 512 U.S. at 486-87.

Case 2:25-cv-02111-DDC-GEB   Document 31   Filed 02/20/26   Page 9 of 11

resolution of the state action.[19] Then, in footnote eight, the case further contemplates parallel state and federal proceedings that warrant a stay in judicial discretion, using another example directly applicable to this matter, an ongoing state matter challenging an arrest and a §1983 Fourth Amendment unreasonable seizure claim.[20] Here, for Plaintiff to prevail on his §1983 action, Plaintiff would need to invalidate the underlying criminal trespass arrest and detention in the municipal action. Where the municipal action is still unresolved, the proper application of both *Younger* and *Heck* to this matter warrants a discretional stay of the federal case during the *ongoing* parallel state criminal proceedings.[21]

Thus, the Court follows these persuasive lines of reasoning previously applied in this District and stays any rulings on the merits of the claims in this matter until resolution of the criminal proceedings in the City of Merriam to avoid the risk of federal interference in the municipal criminal action. Additionally, the Court stays the matter for Plaintiff's federal claims to be fully resolved at one time, in a manner consistent with the case law, where federal courts generally favor comprehensive resolution of civil cases.[22] As such, dispositive rulings in the matter are stayed until the risk of interreference with the Merriam Municipal Court prosecution is resolved.[23]

---

[19] *See* 512 U.S. at 486.
[20] 512 U.S. at 487, n. 8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).
[21] *See* 512 U.S. at 487, n. 8; *Wallace v. Kato*, 549 U.S. 384, 395, n. 5 (2007); *Weaver*, 1996 WL 633669, at *2-3.
[22] *See* Fed. R. Civ. P. 1; *Colorado River*, 424 U.S. at 817; 1996 WL 633669, at *3 (staying matter under *Heck* in favor of comprehensive resolution).
[23] *See* 512 U.S. at 487, n. 8; *Wallace*, 549 U.S. at 395, n. 5; 1996 WL 633669, at *2-3.

It should also be noted, during the Hearing, Defendants did not oppose proceeding towards the close of discovery, gathering all remaining evidence, and taking final depositions, ahead of the imposition of a stay. And Defendants specifically argued application and reasoning of their case law was limited to the risk of inconsistent rulings, in the event a ruling on the dispositive motions preceded the outcome of the criminal proceedings in municipal court. Thus, the Court declines to impose the stay ahead of the close of discovery, in order to preserve all of the evidence necessary to prosecute and defend this case, and cure any risk of prejudice to Plaintiff. Parties are ordered to complete all discovery. The Court briefly extends the discovery deadline to **February 27, 2026** in order for parties to complete the remaining discovery. All deadlines after the close of discovery are hereby stayed.

For the reasons outlined above, **IT IS SO ORDERED.** The Court, in its' discretion, **GRANTS in part and DENIES in part** Defendants' Motion **(ECF No. 22)**. The Court stays the pretrial, dispositive motion, and trial deadlines in this matter, until resolution of the criminal trespass proceedings in Merriam Municipal Court.

**IT IS FURTHER ORDERED.** Parties shall complete all discovery in this case no later than **February 27, 2026**.

**IT IS FURTHER ORDERED.** Parties shall submit a Status Report to the Court regarding proceeding to pretrial within fourteen (14) days of the final resolution of the criminal trespass action in Merriam Municipal Court or, in any event, a Status Report on the municipal action no later than **July 10, 2026**.

**IT IS SO ORDERED.**

Dated February 20, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge